IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-12462 |
| ) | |
| **HARVARD UNIVERSITY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### JOHN DOE'S MEMORANDUM IN SUPPORT OF
### HIS CONSENT MOTION FOR LEAVE
### TO PROCEED UNDER PSEUDONYM

Harvard University's policy on sexual assault (its "Sexual and Gender-Based Harassment Policy") is plain in asserting a right to subject the university's students to campus disciplinary proceedings for such alleged assaults only where certain connections exist between Harvard and the relevant alleged misconduct.  Here, those connections indisputably are not present, and yet Harvard nonetheless has initiated such proceedings as to John Doe.  To vindicate his contractual right to be free of Harvard's disciplinary proceedings in these circumstances, Mr. Doe should not have to sully his name by publicly associating it with the inflammatory—and entirely false— allegations levelled in the relevant disciplinary proceedings.  To vindicate those basic rights, Mr. Doe should not have to broadcast in public court filings that his university is investigating him for committing an act that is—stripped of all euphemism—rape.

Accordingly, Plaintiff, by and through undersigned counsel, respectfully moves for leave to proceed under the pseudonym "John Doe" and to identify his accuser as "Jane Roe."

**ARGUMENT**

Though there is a presumption of openness for judicial proceedings, "[i]t is within the Court's discretion to allow a plaintiff to proceed pseudonymously." *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995). The First Circuit, unlike several other circuits, has not adopted a specific test to guide the district courts in this Circuit in the exercise of that discretion. Instead, courts in this district faced with requests for pseudonymity ask "[w]hether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *MacInnis v. Cigna Group Ins. Co. of America*, 379 F. Supp. 2d 89, 90 (D. Mass. 2005). "[C]ases involving social stigmatization, real danger of physical harm, or where the injury litigated would occur as a result of the disclosure of the plaintiff's identity" are cases in which the courts "have allowed plaintiff to proceed anonymously." *Bell Atl.*, 162 F.R.D. at 420. Cases related to campus prosecution of sexual misconduct involve all three, and courts in this district therefore repeatedly allow plaintiffs like John Doe to proceed pseudonymously. *See, e.g.*, *Doe v. Clark Univ.*, No. 4:15-cv-40113-TSH (D. Mass. filed Aug. 4, 2015) (allowing student disciplined for sexual misconduct to proceed under pseudonym); *Doe v. Amherst Coll.*, No. 3:15-cv-30097-MGM (D. Mass. filed May 29, 2015) (same); *Doe v. Brandeis Univ.*, No. 1:15-cv-11557-FDS (D. Mass. filed Apr. 9, 2015) (same); *Doe v. Trs. of Boston Coll.*, 1:15-cv-10790-DJC (D. Mass. filed Mar. 11, 2015) (same); *Doe v. Williams Coll.*, No. 1:2013-cv-11740 (D. Mass. filed July 19, 2013) (allowing plaintiff to proceed pseudonymously and granting motion for protective order). Other district courts in the First Circuit have done the same. *See, e.g.*, *Doe v. Trs. of Dartmouth Coll.*, No. 18-cv-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (allowing plaintiff disciplined by school for sexual misconduct to proceed pseudonymously); *Doe v. Brown Univ.*, No. 1:17-cv-191

(D.R.I. filed May 5, 2017) (same); *Doe v. Brown Univ.*, 1:15-cv-144-S-LDA (D.R.I. filed Apr. 13, 2015) (same). Trial courts in other circuits have as well, under the various tests articulated in those circuits. *See, e.g.*, *Doe v. Rector & Visitors of George Mason Univ.* ("*George Mason Univ.*"), 179 F. Supp. 3d 583, 592-594 (E.D. Va. 2016) (allowing student expelled from his university for sexual assault to proceed under pseudonym in action challenging expulsion); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding magistrate's order granting motion to proceed under pseudonym in case where plaintiff—college male accused of sexually assaulting female classmate—claimed violations of Title IX, as well as contractual and tort violations).[1] John Doe, like the plaintiffs in all of those cases, is entitled to proceed pseudonymously as well.

---

[1] *See also Doe v. The George Washington Univ.*, No. 1:18-cv-553 (D.D.C. filed Mar. 8, 2018) (granting plaintiff's motion to proceed pseudonymously); *Doe v. Univ. of S.C.*, No. CV 3:18-161-TLW-PJG, 2018 WL 1215045, at *1 (D.S.C. Feb. 12, 2018) (same); *Doe v. Oberlin College*, No. 1:17-cv-1335 (N.D. Ohio filed June 23, 2017) (same); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (allowing plaintiff to proceed pseudonymously and granting motion for protective order); *Doe v. Jackson, et al.*, No. 1:16-cv-1158-RC (D.D.C. Aug. 10, 2016) (allowing plaintiff to proceed pseudonymously); *Doe v. Clemson University et. al.*, 8:16-cv-01957-DCC (D.S.C. filed June 15, 2016) (same); *Doe v. Pa. State Univ.*, 4:15-cv-02072-MWB (M.D. Pa. filed Oct. 26, 2015) (granting motion to proceed anonymously); *Doe v. Miami Univ.*, 1:15-cv-605-MRB (S.D. Ohio filed Sept. 17, 2015) (same); *Doe v. Ohio State Univ.*, No. 2:15-cv-02830-GLF-TPK (S.D. Ohio filed Sept. 15, 2015) (same); *Doe v. Middlebury Coll.*, 1:15-cv-192-JGM (D. Vt. filed Aug. 28, 2015) (same); *Doe v. Washington & Lee Univ.*, No. 6:14-cv-00052-NKM-RSB (W.D. Va. filed Dec. 12, 2014) (same); *Doe v. Univ. of Colo.*, Boulder, No. 14-3027 (D. Colo. filed Nov. 7, 2014) (same); *Doe v. Columbia Univ.*, No. 14-cv-3573 (S.D.N.Y. filed May 19, 2014) (same); *Doe v. Swarthmore Coll.*, No. 2:14-cv-00532-SD (E.D. Pa. filed Jan. 23, 2014) (same); *Doe v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-682-JSM-EAJ (M.D. Fla. filed Mar. 25, 2015) (same); *Doe v. Univ. of Cincinnati*, No. 1:15-cv-600-TSB (S.D. Ohio filed Sept. 16, 2015) (same); *Doe v. Marietta Coll.*, 2:15-cv-02816-EAS-TPK (S.D. Ohio filed Sept. 10, 2015) (same); *Doe v. Alger*, 5:15-cv-35-EKD-JCH (W.D. Va. filed May 5, 2015) (currently proceeding pseudonymously); *Doe v. George Washington Univ.*, No. 1:11-cv-00696-RLW (D.D.C. filed Apr. 8, 2011) (granting motion to proceed under pseudonym).

I.      **MR. DOE FACES LIKELY, IF NOT CERTAIN, SOCIAL STIGMATIZATION IF HIS IDENTITY IS REVEALED.**

Courts recognize the obvious truth that the mere accusation of sexual misconduct is enough to subject one to substantial stigma and reputational harm. *See, e.g.*, *Starishevsky v. Hosftra Univ.* 612 N.Y.S.2d 794, 801 (Sup. Ct. 1994) (acknowledging "the stigmatizing (unfortunate as this observation may be, it is true) nature of the *complaint*") (emphasis added); *George Mason Univ.*, 179 F. Supp. 3d at 593 ("Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule."); *cf. Doe v. Trs. of Dartmouth Coll.*, 2018 WL 2048385, at *5 ("reasonable" to believe that plaintiff disciplined for sexual misconduct "may be subjected to harassment if he is publicly identified" and characterizing the harm as "severe"). And experience teaches that that stigma leads to ostracism, harassment, and even calls for violence. In a case at Columbia University, for example, a student who was *cleared* of disciplinary charges of sexual misconduct was nonetheless "ostracized by classmates, dropped from extracurricular activities, and targeted via social-media threats."[2] And when Duke lacrosse players were falsely accused of rape in 2006, "the team was subject to social ostracism on campus, including a public letter from 88 Duke faculty members thanking student protestors who had, among other suggestions, called for the team captains to be castrated."[3] Mr. Doe faces those same risks if his identity is disclosed.

---

[2] Cathy Young, Op-Ed., <u>Campus sexual assault stories have two sides</u>, Newsday, Apr. 27, 2015, http://www.newsday.com/opinion/columnists/cathy-young/campus-sexual-assault-stories-have-two-sides-1.10339045.

[3] Press Release, Columbia Law School, Unlearning Due Process? (Apr. 21, 2015), https://www.law.columbia.edu/media_inquiries/news_events/2015/april2015/due-process.

## II. MR. DOE FACES REAL DANGER OF PHYSICL HARM IF HIS IDENTITY IS REVEALED.

John Doe also will face threats of physical harm if his identity is disclosed. As noted above, experience teaches that the stigma associated with accusations of sexual assault can lead not only to social ostracism, but to calls for violence. Courts recognize the same. *George Mason Univ.*, 179 F. Supp. 3d at 593 ("[I]t is possible that plaintiff could be targeted for 'retaliatory physical or mental harm' based on the accusations [of sexual assault] alone."); *cf. Doe v. Trs. of Dartmouth Coll.*, 2018 WL 2048385, at *5 (Plaintiff reasonably fears that, "whatever the outcome of the action, public identification will subject him to severe . . . harassment"). This, too, is reason to allow him to proceed pseudonymously.

## III. DISCLOSURE OF MR. DOE'S IDENTITY WOULD RESULT IN ONE OF THE VERY INJURIES HE SEEKS TO PREVENT VIA THIS LITIGATION.

Finally, it is also clear that this is exactly the kind of case where disclosing a plaintiff's identity will produce one of the very injuries the plaintiff is trying to prevent in the suit—damage to his reputation and good name. *Doe v. Trs. of Dartmouth Coll.*, No. 18-cv-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) ("Plaintiff has a reasonable fear that, whatever the outcome of the action, public identification will subject him to severe reputational harm and . . . will defeat the very purpose of this litigation."). To state the obvious, a sexual misconduct investigation necessarily involves pursuing an accusation of sexual misconduct, and the mere accusation of such misconduct results in lasting reputational harm, as explained above. *See Starishevsky*, 612 N.Y.S.2d at 801; *George Mason Univ.*, 179 F. Supp. 3d at 593 ("Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule."). Forcing John Doe to disclose here that he has been accused of sexual misconduct, in order to prevent Harvard from conducting an unauthorized investigation that will

5

inevitably make it known to others that he has been accused of such misconduct, would require him to suffer here one of the very injuries he seeks to prevent there.  John Doe, therefore, satisfies all three categories for which courts in this District have held that proceeding under pseudonym is appropriate.

### IV. THOSE FACTORS SHARED IN COMMON BY THE TESTS ADOPTED IN OTHER CIRCUITS FURTHER SHOW WHY MR. DOE OUGHT TO BE ALLOWED TO PROCEED UNDER PSEUDONYM.

Although the circuits have adopted different tests for pseudonymity, certain factors tend to recur in the different circuits.  Those recurring factors are additional strong indicators of whether a plaintiff ought to be allowed to proceed pseudonymously.  Two of the most widely recurring factors among those tests show further why John Doe ought to be allowed to proceed under pseudonym here.

First, "[t]here can be no doubt that the litigation . . . focuses on a matter of sensitive and highly personal nature" because "Plaintiff has been accused of sexual misconduct," *George Mason Univ.*, 179 F. Supp. 3d at 593 (quotation marks omitted), and that is a factor that several circuits agree weighs in favor of pseudonymity.  *See, e.g.*, *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (involvement of "information of the utmost intimacy" favors pseudonymity); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) ("highly sensitive and personal" information favors nondisclosure); *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) (pseudonyms proper to protect "information of the utmost intimacy"); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (pseudonymity favored when sought "to preserve privacy in a matter of sensitive and highly personal nature").  The lawsuit not only requires John Doe to discuss an "accus[ation] of sexual misconduct," *George Mason Univ.*, 179 F. Supp. 3d at 593, it requires him to share details of what was part of his consensual sex life.  *See Doe v. Trs. of*

*Dartmouth Coll.*, 2018 WL 2048385, at *5 ("Undoubtedly, one's sexual practices are among the most intimate parts of one's life.") (quotation marks omitted).  The litigation also implicates his educational records, the confidentiality of which is protected by federal law.  *See United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002); 20 U.S.C. § 1232g; 34 C.F.R. Part 99.  This factor weighs strongly in favor of Mr. Doe's request.

Second, several courts sensibly have held that a lack of prejudice to the defendant in allowing the plaintiff to proceed under pseudonym weighs in favor of granting such requests.  *See, e.g.*, *Plaintiff B*, 631 F.3d at 1316; *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190; *Jacobson*, 6 F.3d at 238.  Harvard would suffer no prejudice if Mr. Doe were allowed to proceed pseudonymously, as it is already aware of John Doe's true identity.  Indeed, Harvard's counsel has represented to Mr. Doe's counsel that it will consent to the requested relief.  This factor, too, weighs strongly in favor of his request.

Although the various circuits that have developed tests disagree on most of the other factors that courts should consider when facing a request for pseudonymity, there is widespread agreement that pseudonymity is appropriate when issues of the utmost intimacy are involved and where the defendant suffers no prejudice by the request.  Both are true here.

## CONCLUSION

Use of a pseudonym is necessary here to protect defendant John Doe, to preserve his privacy in a sensitive and highly personal matter.  Affording Mr. Doe that protection does not create any risk of unfairness to Harvard or anyone else.  Accordingly, John Doe respectfully requests that the Court order the parties to proceed using the requested pseudonyms.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  November 28, 2018 |   /s/                                    <br>Rebecca LeGrand, BBO # 660437<br>LeGrand Law PLLC<br>1775 Eye Street NW, Suite 1150<br>Washington, DC 20006<br>T: (202) 587-5725<br>rebecca@legrandpllc.com<br><br>Justin Dillon (*pro hac vice* application forthcoming)<br>William Pittard (*pro hac vice* application forthcoming)<br>Amelia Schmidt (*pro hac vice* application forthcoming)<br>KaiserDillon PLLC<br>1099 Fourteenth Street NW, 8th Floor—West<br>Washington, DC 20005<br>T: (202) 640-2850<br>F: (202) 280-1034<br>jdillon@kaiserdillon.com<br>wpittard@kaiserdillon.com<br>aschmidt@kaiserdillon.com<br><br>*Attorneys for Plaintiff John Doe* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2018, I served the foregoing upon the following counsel for Harvard University via e-mail:

Daniel Cloherty
Victoria Steinberg
Todd & Weld LLP
One Federal Street
Boston, MA 02110
617-720-2626

Ellen Fels Berkman
University Attorney
Harvard University
1350 Massachusetts Avenue
The Richard A. and Susan F. Smith Campus Center, Suite 980
Cambridge, MA 02138
(617) 496-1108 (telephone)
(617) 495-5079 (facsimile)
ellen_berkman@harvard.edu

*Attorneys for Defendant Harvard University*

                                                        /s/
                                        Rebecca LeGrand