UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JACK DOE,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:18-cv-12462-IT<br>)<br>)<br>)<br>)<br>)<br>) |

## STATUS REPORT

Consistent with the direction from the Court on December 11, 2018, the parties to this case have conferred to discuss procedures to address the claims presented by this dispute. The positions of the parties to this case are set forth below:

### A. Position of Defendant President and Fellows of Harvard College

The dispute in this case concerns the application of Section III of the FAS Policy (*see* Complaint Exhibit 2) to Harvard's investigation of Plaintiff's alleged off-campus sexual misconduct. That Section of the FAS Policy provides that the FAS Administrative Board ("Ad Board") "may" refer allegations of other sexual misconduct to Harvard's Office for Dispute Resolution ("ODR") for investigation in accordance with the University Procedures. After the Ad Board referred this matter to ODR for investigation, Plaintiff initiated this lawsuit and filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion").

At the December 11, 2018, hearing, the Court indicated that Harvard may investigate and, if appropriate, discipline students who engage in off-campus misconduct. The Court also

expressed concerns about whether the language of Section III of the FAS Policy supported the referral of the matter to ODR for investigation in accordance with University Procedures. While Harvard believes that such a referral is supported by the language of the FAS Policy, it notes that the FAS Policy language is permissive—it does not mandate such a referral to ODR.

Accordingly, on December 13, 2018, Harvard informed Plaintiff that the Ad Board is prepared to conduct its own investigation into the alleged sexual misconduct at issue in accordance with the Ad Board's own published rules and procedures, rather than through a referral to ODR. Harvard has asked Plaintiff to notify Harvard by December 21, 2018, whether he would prefer that the investigation into the alleged misconduct be conducted by the Ad Board or whether he will instead consent to a referral to ODR for that investigation. In the absence of any election by the Plaintiff, the Ad Board will conduct the investigation in accordance with the FAS Ad Board's published rules and procedures. In light of the upcoming winter break, Harvard has further informed Plaintiff that the investigation (whether by the Ad Board or by ODR) will not commence until January 21, 2019, the start of the next semester.

Harvard believes that the foregoing approach resolves all issues presented by the Plaintiff's pending Motion, and that any remaining claims in this case can be resolved on the pleadings. To the extent that the Court believes that any issues remain relating to the pending Motion, Harvard requests that the Court provide an opportunity for the parties to submit additional briefing relating to that Motion. Otherwise, Harvard intends to submit a Motion to Dismiss the Plaintiff's Complaint pursuant to Federal Rule 12(b)(6).

**B. Position of Plaintiff Jack Doe**

Mr. Doe continues to believe that Harvard lacks the authority to impose its campus disciplinary process on him for alleged conduct that did not involve another Harvard student, did

not occur during any Harvard-sponsored activity or event, and that took place hundreds of miles from campus—especially when that investigation appears to have been prompted by the complainant's attempt to gain more leverage in the civil lawsuit she has filed against Mr. Doe. And Mr. Doe particularly maintains that position where, as here, the University's Sexual and Gender-Based Harassment Policy expressly limits Harvard's jurisdiction regarding such allegations. Harvard's request that the Court ignore all of the above and focus exclusively on a particular Faculty of Arts and Sciences document remains unavailing, including in light of the express language of that document (including in its "Introduction," "Note on Jurisdiction," and reproduction of the University policy). Accordingly, Mr. Doe joins Harvard's request, above, that, should the parties be unable to resolve this dispute, the Court permit supplemental briefing on Mr. Doe's pending motion.

More generally, Mr. Doe also believes that Harvard's desire to state, at length, its negotiating position in this Status Report—in which all the parties actually want is one more week to confer—has more to do with fighting a public-relations battle than it does with wanting to find a reasonable resolution to this matter. Mr. Doe includes the above restatement of his own position only because Harvard has insisted on publicly proclaiming its negotiating position.

Harvard has asked Mr. Doe to let it know his position on the school's most recent proposal no later than December 21, 2018. Mr. Doe has agreed to do that. With respect to the next steps in this case, he believes that the simplest solution would be to require the parties to submit another status report by that date as well. If the parties have been able to resolve the case, then they can so inform the Court, and no further briefing schedule need be set. If they have not been able to resolve the case, then the Court can set a briefing schedule (including regarding any supplemental briefing on the pending motion), and the case can proceed accordingly. In short,

all the Court need do now is require the parties to submit, no later than Friday, December 21, a further status report.

Respectfully submitted,

| | |
|---|---|
| */s/ Rebecca LeGrand* | */s/Daniel J. Cloherty* |
| Rebecca LeGrand, BBO #660437 | Daniel J. Cloherty, BBO #565772 |
| LeGrand Law PLLC | dcloherty@toddweld.com |
| 1775 Eye Street NW, Suite 1150 | Victoria L. Steinberg, BBO #666482 |
| Washington, DC 2006 | vsteinberg@toddweld.com |
| Telephone:  (202) 587-5725 | Alycia Kennedy, BBO #688801 |
| E-mail:  Rebecca@legrandpllc.com | akennedy@toddweld.com |
| | TODD & WELD LLP |
| */s/ Justin Dillon* | One Federal Street |
| Justin Dillon (*pro hac vice*) | Boston, MA 02110 |
| William Pittard (*pro hac vice*) | Telephone:     (617) 720-2626 |
| Amelia Schmidt (*pro hac vice*) | Facsimile:     (617) 227-5777 |
| KaiserDillon PLLC | |
| 1099 Fourteenth Street NW, 8th Floor-West | *Attorneys for Defendant President and* |
| Washington, DC 20005 | *Fellows of Harvard College* |
| Telephone:  (202) 640-2850 | |
| Facsimile:  (202) 280-1034 | |
| E-mail:  jdillon@kaiserdillon.com | |
| wpittard@kaiserdillon.com | |
| aschmidt@kaiserdillon.com | |

*Attorneys for Plaintiff, Jack Doe*

Dated:  December 14, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on December 14, 2018.

                                          */s/ Daniel J. Cloherty*
                                          Daniel J. Cloherty